IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OLIVER HART                                                                                              PETITIONER

V.                                               No.  15-4063

STEPHANIE POTTER BLACK,
Miller County Prosecuting Attorney; and
RON STOVAL, Miller County Sheriff                                                      RESPONDENT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed July 10, 2015 under 28 U.S.C. Section 2254.  The State filed its Response (ECF No. 10) on August 19, 2015. The matter was assigned to the undersigned on April 19, 2016.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

**I.  Background**

The procedural history is set forth in the Respondent's Response:  On April 4, 2009, Oliver Hart entered negotiated pleas of guilty to numerous drug crimes, including several Y felonies, in Miller County case numbers CR-2002-570, CR-2002-162, and CR-2003-627. Hart received 120 months' probation. (Doc. 10-1).  On September 26, 2014, and October 9, 2014, petitions to revoke the probation in each case were filed in the Miller County Circuit Court. (Doc. 10-2).

Hart's petition alleges that (1) the Interstate Agreement of Detainers was violated in 2008 (Doc. 1, p. 5), that he received ineffective assistance of counsel in 2009 from his public defender

(Id., p. 6), and (3) ineffective assistance of counsel (Bart Craytor)[1] in 2015(Id., p. 8). The Petition's claim is time barred and even if not barred is without merit.

## II. Discussion

### A. Statue of Limitations:

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

See 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). *Walker v. Norris* 436 F.3d 1026, 1029 (C.A.8 (Ark.),2006).

The Petitioner judgment in CR-2002-570 was entered on July 2, 2009 (Doc. 10-1, p. 3) and he was sentenced to 10 years probation, the judgment in CR-2002-162 was entered July 20,

---

[1] Bart Craytor was evidently hired by the Petitioner to represent him on the State of Texas underlying charges as well as the Arkansas Petitions to Revoke. It does not appear that either of these cases have any kind of final disposition and the Habeas Petition against Mr. Craytor is not ripe. Both claims against the attorneys, however, hinge upon the Interstate Agreement issue and are delt with in the Report and Recommendation.

2009 (Id., p. 6).   The judgment in CR-2003-627 was entered July 6, 2009. (Court's Exhibit 1). According to the Miller County Clerk's docket sheet the information charged the Petitioner with a violation of 5-640-401(count 1: Delivery of Methamphetamine) and a violation of 5-64-403 (count 2: delivery of drug paraphernalia). (Court's Exhibit 2).   The original judgment indicated that the "total number of counts:" were "2" but only reflected count two of the information.  It is clear from the clerks records that the Petitioner entered a plea of guilty on ALL counts on April 7, 2009.  An Amended Judgment in CR-2003-627 was entered on September 24, 2014  (Doc. 10-1, pp. 7-9) to include the missing count that the Petitioner originally entered his plea to. An Arkansas circuit court has jurisdiction to amend a judgment and commitment order to correct a clerical error. See, *e.g., Baker v. Norris,* 369 Ark. 405, 255 S.W.3d 466 (2007). *Smith v. State* 2011 Ark. 333, 3, 2011 WL 3930403, 1 (Ark.) (Ark.,2011).

      The Petitioner appears to have been in the Texas Department of Correction from March 19, 2010 until November 5, 2013. (Doc. 10-2, p. 4). On September 8, 2014 the Arkansas Probation Office filed a Report of Probated Sentence Violation and Recommendation to Revoke (Doc. 10-2) for an arrest occurring on August 21, 2014 in Texarkana. The Miller County Prosecuting Attorney filed a Petition to Revoke on September 26, 2014 in CR-2002-570.

      In Arkansas, a criminal defendant generally has thirty days from "the date of entry of a judgment" in which to file an appeal, Ark. R.App. P.-Crim. 2(a)(1), but a criminal defendant has no right to appeal from a guilty plea, except for an appeal from a conditional guilty plea based on the denial of a suppression motion, see Ark. R.App. P.–Crim. 1(a) ("Except as provided by [Rule 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere.").

Notwithstanding the Arkansas Rules the Eighth Circuit has held that "Our reading of the Supreme Court's several holdings leads us to conclude that the critical date for finality of the state-court conviction is the expiration of the state's filing deadline." *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir.), cert. denied sub nom. *Kelley v. Camacho*, 136 S. Ct. 81, 193 L. Ed. 2d 34 (2015).

The Judgments in CR-2002-570, CR-2002-162, and CR-2003-627 therefore, became final in August 2009[2] and the statue of limitations would, therefore, bar the Petition's motion on these cases unless he is entitled to equitable tolling.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally

---

[2]The Petitioner did not file a Rule 37 contesting the judgment. Arkansas Rule 37.1 provides the basis for a collateral attack on the judgment. The Petitioner had 90 days from the date of entry of Judgment to bring his claim under Rule 37 (Ark. R. Crim. P. 37.2(c)). Rule 37.2(b) provides that all grounds for postconviction relief, including the assertion that a sentence is illegal, must be raised in a petition under the rule filed within ninety days of the date that the judgment was entered following a plea of guilty. The time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, and there is no provision in the rule for a belated petition; accordingly, a circuit court cannot extend the time to file a Rule 37 petition. *See Johnson v. State* 2000 WL 302639, 1 (Ark.) (Ark.,2000) *citing Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996).

does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The Petitioner has not asserted any extraordinary circumstances that would bar the running of the limitations period. The only statement the Petitioner makes in the form to explain the lack of timeliness of the petition is that he wants a "thorough investigation as to how the Interstate Agreement to extradite withing 180 days was ignored not once, but twice.." (Doc. 1, p. 16).

The conclusory language of the Petitioner that there was a violation is inadequate. Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief.  See *Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State*  356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004).

### B.  Meritless Claim:

Even if the Petition were timely it is without merit. The Petitioner raised the detainer issue in his circuit court proceedings on January 23, 2008 when he filed a motion "requesting this court to dismiss any and all detainer's held against him by the State of Arkansas."  (Court's Exhibit 2).  Notwithstanding the motion the Petitioner entered a plea on all cases on April 7, 2009.

A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S.258 at 267 (1973).  Once a criminal defendant solemnly professes his guilt before the Court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Only the voluntary and intelligent character of the guilty plea may be attacked. Id.; *see Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (the focus of a collateral attack must remain limited to the nature of

counsel's advice and the voluntariness of the plea).

Just as a guilty plea forecloses a collateral attack alleging speedy trial violations, *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam), by pleading guilty, Hart waived his right to assert IADA violations. *See Beachem v. Attorney General*, 808 F.2d 1303, 1304 (8th Cir. 1987) (per curiam); *United States v. Hobson*, 686 F.2d 628, 629 (8th Cir. 1982) (per curiam).

### C. Evidentiary Hearing:

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008).

Because it is clear that the limitations period has run on this claim no evidentiary hearing is required.

### D. Certificate of Appealability:

The factors to consider when determining if a certificate of appealabiltiy should be issued are as follows:  1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. Slack, 529 U.S. at 484–85, 120 S.Ct. 1595. *Khaimov v. Crist*  297

F.3d 783, 786 (C.A.8 (Minn.),2002).

Because there is no merit to the Petitioner's claim no Certificate of Appealability should be issued.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated  this April 26, 2016

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE