IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OLIVER W. HART, III                                                                              PETITIONER

V.                                         CASE NO. 4:15-CV-4063

STEPHANIE POTTER BLACK,
Miller County Prosecuting Attorney; and
RON STOVALL, Miller County Sheriff                                                  RESPONDENTS

## ORDER

Before the Court is the Report and Recommendation filed April 28, 2016, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. Judge Marschewski recommends that Petitioner's habeas corpus petition (ECF No. 1) be dismissed with prejudice because it was filed after the expiration of the applicable statute of limitations. Petitioner has responded with timely objections. ECF No. 16. The Court finds this matter ripe for consideration.

### I. BACKGROUND

The underlying events that gave rise to the present matter are admittedly complicated. However, for the Court's purposes, the context can be simplified as follows. On April 7, 2009, Petitioner plead guilty to multiple drug offenses under Ark. Code. Ann. §§ 5-64-401 and 5-64-403 in the Miller County, Arkansas, Circuit Court. ECF No. 14-2, p. 1. Petitioner was subsequently sentenced to ten years' probation. ECF No. 14-2, p. 1. On September 26, 2014, and October 9, 2014, petitions for revocation of probation were filed in the Miller County, Arkansas, Circuit Court based on Petitioner's arrest in Texas. ECF No. 10-2. The Circuit Court subsequently directed the Clerk of Court to issue warrants for Petitioner's arrest and Petitioner

was arrested on or about December 19, 2014.[1] ECF No. 10-2. Petitioner filed the present habeas action on July 10, 2015, alleging that he submitted an Interstate Agreement on Detainers Act request in 2008 that Respondents "violated not once . . . but twice."[2] ECF No. 1, ¶ 12.

## II. DISCUSSION

Petitioner seeks habeas relief in regard to his 2009 convictions. The Antiterrorism and Effective Death Penalty Act provides that a one-year statute of limitations will apply in habeas corpus actions brought by state prisoners. 28 U.S.C. § 2244(d)(1). Under the Act, the statute of limitations period shall run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Under Rule 2(a) of the Arkansas Rules of Appellate Procedure – Criminal, a criminal defendant generally has thirty days from the date of entry of a judgment in which to file an appeal.

In the present case, the Circuit Court of Miller County, Arkansas, entered final judgments in Petitioner's state court criminal cases on July 7, 2009, and July 27, 2009, respectively.[3] ECF No. 10-1. Petitioner did not appeal those judgments. Pursuant to 28 U.S.C. § 2244 and Rule 2(a) of the Arkansas Rules of Appellate Procedure – Criminal, the one-year statute of limitations started to run thirty days after those judgments were entered. Petitioner now seeks habeas corpus

---

[1] Petitioner has not informed the Court as to the outcome of the state court probation revocation proceedings, but the Court has discovered that the Circuit Court of Miller County, Arkansas, subsequently found Petitioner in violation of a condition of his probation and sentenced him to a substantial period of incarceration. Sentencing Orders entered on July 18, 2016, in state court cases 46CR-02-570, 46CR-02-162, and 46CR-03-627 reflect that Petitioner was sentenced to two-hundred and forty (240) months' incarceration in each case, to run consecutively. According to state court records, Petitioner has filed an appeal in the Arkansas Court of Appeals, case number CR-16-856.

[2] Petitioner also bases his petition on alleged ineffective assistance of counsel in regard to his 2009 convictions. However, upon examination of the documents and briefs Petitioner has filed in the Arkansas Court of Appeals, case no. CR-16-856, it appears that Petitioner may address those issues in his state appellate case. As such, the Court will not address Petitioner's arguments regarding ineffective assistance of counsel in 2009. Petitioner also seeks habeas relief on ineffective assistance of counsel grounds in regard to an attorney who represented Petitioner sometime in 2015 in Petitioner's probation revocation proceedings. However, the Court will not address this issue as Petitioner is currently challenging the grounds upon which his parole was revoked in his appeal to the Arkansas Court of Appeals.

[3] One of the Orders was amended on September 24, 2014, to correct a clerical error.

relief more than five years after the statute of limitations expired. As such, it is clear that Petitioner's habeas action is time-barred under the one-year statute of limitations and therefore should be dismissed as untimely unless there is cause for equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling may be appropriate when the petitioner has been lulled into inactivity. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Courts have found that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Id*. Likewise, "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002).

Here, when prompted by the habeas form petition to explain why this action is not barred by the one-year statute of limitations, Petitioner directed the Court to a letter he included with his petition and stated that "[t]his is my hope for justice for the violation of my rights." ECF No. 1, ¶ 18. In that letter, written from the Miller County Detention Center, Petitioner appears to seek equitable tolling based on the allegation that he does not currently have access to a law library. However, that does not explain Petitioner's failure to timely file his petition within the one-year statute of limitations.

In his Objection, Petitioner also requests the statute of limitations be tolled based on allegations that his appointed counsel failed to advise him of his (1) appellate rights, (2) rights under Rule 37 of the Arkansas Rules of Criminal Procedure, and (3) the applicable statute of limitations. ECF No. 16. Petitioner also seeks tolling based on the assertion that he is unfamiliar with the law or legal procedures. These arguments are unpersuasive. As shown above, a petitioner's lack of legal knowledge or allegations of ineffective assistance of counsel generally are not grounds for equitable tolling and Petitioner has not offered any evidence or alleged facts sufficient to convince the Court otherwise. Therefore, the Court finds that Petitioner has failed to show that he has been diligent in pursuing his rights or that extraordinary circumstances have kept him from seeking habeas relief. As such, the Court finds no grounds for equitable tolling and concludes that Petitioner's habeas corpus action should be dismissed with prejudice.

### III. CONCLUSION

For the reasons stated above, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 14) insofar as it recommends dismissal of Petitioner's habeas action as untimely. Furthermore, the Court declines to adopt the Report and Recommendation in any other respect because the conclusion that Petitioner's habeas petition is untimely is determinative. Accordingly, Petitioner's petition for habeas corpus relief (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, on this 6th day of January, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge